\*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE RESOURCE CLUB, LTD., | : | |
| Plaintiff, | : | Civil Action No. 10-412 (PGS) |
| v. | : | |
| DESIGNER LICENSE HOLDING CO., LLC, | : | REPORT & |
| 99 HOOK ROAD LLC, | : | RECOMMENDATION |
| Defendants. | : | May 21, 2010 |

**SALAS, United States Magistrate Judge**

Pending before this Court is a motion by Plaintiff Resource Club, Ltd. ("Resource" or "Plaintiff") to Transfer Venue pursuant to 28 U.S.C. § 1412 to the United States District Court for the Southern District of New York or the Bankruptcy Court for the Southern District of New York. (Docket Entry No. 2.) Also pending is Defendant 99 Hook Road LLC's ("99 Hook") Cross-Motion to Remand the case to New Jersey Superior Court. (Docket Entry No. 5.) Pursuant to Local Civil Rule 72.1, the Honorable Peter G. Sheridan, United States District Judge, referred these Motions to the Undersigned for report and recommendation. For the reasons set forth below, this Court respectfully recommends GRANTING Plaintiff's Motion to transfer venue to the Southern District of New York and transferring 99 Hook's Motion for remand so it can be decided by the Southern District of New York.

**I. BACKGROUND AND PROCEDURAL HISTORY**

The facts and procedural history of this case are lengthy and complicated and as the parties are intimately familiar with the facts, the Court will recite only those necessary for purposes of the pending motions.[1]

Resource leased a building from Defendant, 99 Hook, located at 99 Hook Road, Bayonne, New Jersey. Subsequently, on or about February 15, 2007, Resource entered into a Consent to Sublease Agreement with 99 Hook. Resource and Designer License Holding Company, LLC ("Designer") then entered into a sublease agreement. On or about December 3, 2007, Designer allegedly complained of strong odors at the Subleased Premises causing damage to Designer's apparel inventory and creating an intolerable work environment for its employees. On or about May 16, 2008, Designer relocated its inventory and employees. Thereafter, two actions were filed in New Jersey Superior Court: the "Designer Action" and the "Resource Action."

In the Designer Action, Designer filed a Complaint against Resource and 99 Hook seeking damages in connection with Resource's and 99 Hook's alleged failure to cure defects in the Subleased Premises, which resulted in Designer's alleged constructive eviction. Resource filed a motion to dismiss the complaint. Shortly thereafter, 99 Hook also moved to dismiss the complaint. On October 10, 2008, Judge Shirley A. Tolentino, J.S.C., dismissed Plaintiff's complaint and granted Defendants' motions to dismiss. Designer appealed to the Appellate Division, which upheld the Superior Court's dismissal.

---

[1] The following facts are taken from 99 Hook's Brief in Support of its Motion to Remand (Docket Entry No. 5.)

In the Resource Action, Resource filed a Complaint against Designer for damages due to Designer's failure to pay rent pursuant to the Sublease Agreement. Designer has asserted a defense on the grounds of constructive eviction, making the same allegations as in the Designer Action. As a result, Resource amended its complaint to join 99 Hook as a defendant, arguing that if Designer prevails on its defenses, 99 Hook, as master landlord, should be responsible. On June 1, 2009, 99 Hook filed a motion to dismiss Resource's Amended Complaint for failure to state a claim. The Superior Court denied that motion without prejudice and ordered limited discovery on two provisions of the agreement. After the discovery was complete, 99 Hook re-filed its motion as a summary judgment motion.[2]

In light of the Appellate Division's opinion in the Designer Action, Resource requested an adjournment of 99 Hook's pending summary judgment motion to allow it time to decide how to proceed. Thereafter, Resource filed its own summary judgment motion against Designer on December 23, 2009. On December 31, 2009, before the motions could be heard by the Superior Court, Designer filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. On January 22, 2010, Resource removed the Resource Action from New Jersey state court to New Jersey district court and it is now pending before this Court. On February 1, 2010, Resource filed its motion to transfer and on February 16, 2010, 99 Hook filed its cross-motion to remand. Both motions are currently before this Court.

---

[2] The Superior Court - Appellate Division's opinion in the Designer Action was issued after 99 Hook filed its summary judgment motion in the Resource Action, but before any oral argument on the motion could be heard.

## II. Analysis

### A. Subject Matter Jurisdiction

At the outset and before addressing the merits of the remand and transfer venue motions, it must be determined whether this Court has subject matter jurisdiction over the proceeding. *Thomason Auto Group v. China American Cooperative Automotive, Inc.*, No. 08-3365, 2009 WL 512195 at *2 (D.N.J. February 27, 2009) (citing *Everett v. Friedman's Inc.*, 329 B.R. 40, 41 (S.D.Miss.2005)). "A party may remove any claim or cause of action in a civil action...to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 states that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The pending action clearly does not "arise under" or "arise in" a case under Title 11. Therefore, the Court limits its discussion to the meaning of "related to." For subject matter jurisdiction to exist...there must be some nexus between the "related" civil proceeding and the title 11 case. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* An action is related to bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

The Court finds that the pending action is "related to" the bankruptcy proceeding before the Southern District of New York Bankruptcy Court.  Designer, the entity in bankruptcy, is a party to this case. If a court finds that Designer is liable to Resource for unpaid rent, the bankruptcy estate would owe Resource Club.  Further, if a court finds Designer's affirmative defenses persuasive, namely that it was constructively evicted, Resource would look to collect the money owed to Designer from the other defendant, 99 Hook.  Therefore, the outcome of the present case would clearly impact the handling and administration of Designer's estate as it would either owe or be owed money.

### B. Transfer of Venue, Remand and Abstention

Having determined that the pending action is properly within the jurisdiction of this Court pursuant to 28 U.S.C. § 1334, the Court turns to the motion to transfer venue and cross-motion to remand.  99 Hook argues that the Court should decline jurisdiction of this action and remand the action back to New Jersey Superior Court based on the principle of mandatory abstention under 28 U.S.C. § 1334(c)(2), which states that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

In the alternative, 99 Hook argues that this Court should abstain from hearing this case under the theory of permissive abstention pursuant to 28 U.S.C. 1334(c)(1).  Resource argues that this Court should not even reach the question of abstention/remand because the S.D.N.Y. Bankruptcy Court,

as the "home court," is better equipped to make that determination.

### 1. "Home Court"

"Generally, courts defer to the home court of the bankruptcy to decide the issue of remand or abstention." *Thomason Auto Group*, 2009 WL 512195 at *4. In *Thomason*, the Court was faced with the same motions which are pending before this Court. *Id*. The Court relied on an Eastern District of Pennsylvania decision which found that:

> [T]he weight of authority in this jurisdiction, and in several others, suggests that when a bankruptcy court is simultaneously confronted with (1) a motion to transfer venue or change venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a) and (2) a motion to remand or otherwise abstain from hearing the change of venue action pursuant to 28 U.S.C. § 1334(c) the action should be transferred to the home court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action.

*Thomason Auto Group*, 2009 WL 512195 at *4 (quoting *George Junior Republic in Pennsylvania v. Frances Williams*, Civ. No. 07-4357, 2008 U.S. Dist. LEXIS 22682 at * 14 (E.D.Pa. March 19, 2008)). "Transferring the case is particularly appropriate 'when the court to which the case has been removed has no interest in the proceedings ...'" *Id.* at *16. (internal quotations omitted).

99 Hook relies primarily on mandatory and/or permissive abstention as its basis for remand. However, mandatory abstention only applies to non-core matters - "that is, proceedings related to a case under Title 11, but not arising under Title 11, or arising in a case under Title 11." *Thomason Auto Group*, 2009 WL 512195 at *4 (citing *In re Seven Fields Development Corp.*, 505 F.3d 237, 251 (3d Cir.2007) (internal citations omitted). As with the Court in *Thomason*, this Court has already found that while the present case is "related to" a bankruptcy proceeding for purposes of subject matter jurisdiction, this Court has not analyzed each claim to determine whether it is core

6

or non-core. The determination as to whether a proceeding is core or non-core should be made by the bankruptcy court after transfer. *See Meyers v. Heffernan*, No. 10-862, 2010 WL 1009976, at *1 (D.N.J. March 15, 2010); *see also Certain Underwriters at Lloyd's of London v. Otlowski*, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan.29, 2009).

99 Hook argues that this Court should not even reach the question of transfer because the question of mandatory abstention must be addressed first and Resource fails to meet those requirements. 99 Hook cites to a 2007 District of New Jersey case as support for its position. *See Royal Indem. Co. v. Admiral Ins. Co. Inc.*, 2007 WL 4171649 (D.N.J. November 19, 2007). Having considered the *Thomason* opinion and the *Royal Indemnity* opinion, the Court finds that the analysis in the more-recently decided *Thomason* is applicable given the similarity of the facts to the instant matter. Further, as the Court said in *Thomason* and 99 Hook recognized in its supplemental briefing, "courts do not apply a *per se* home court presumption but rather apply it on a case-by-case basis." *Thomason*, 2009 WL 512195 at *4.

Therefore, based on the previous holdings by courts in this Circuit, in the interest of ensuring that a equitable and uniform determination is made and to avoid duplicative or inconsistent rulings, this Court hereby grants Resource's motion to transfer the pending case to the Southern District of New York pursuant to 28 U.S.C. § 1412, which presumably will transfer the case to the Bankruptcy Court. *See Meyers v. Heffernan*, No. 10-862, 2010 WL 1009976, at *1 (D.N.J. March 15, 2010) (finding that the proper transferee venue is the district court, which will then transfer the proceeding to bankruptcy court). In further support of this Court's presumption, in its supplemental briefing, Resource Club cites to standing order M-61 issued by the chief judge of the United States District Court for the Southern District of New York which states that "any and all proceedings in the

Southern District under Title 11 are referred to the bankruptcy judges in the Southern District." (Resource's Supp. Br. 1-2.) 99 Hook's Motion for Remand is also hereby transferred to the Southern District of New York, where the Bankruptcy Court will be in the best position to determine whether the case should be remanded.

**IV. CONCLUSION**

For the reasons set forth above, the Court recommends GRANTING Resource's Motion to Transfer Venue to the Southern District of New York and transferring 99 Hook's Motion to Remand. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas  
ESTHER SALAS  
UNITED STATES MAGISTRATE JUDGE